**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

EDWARD BURNS,

Plaintiff,

v.

HY-VEE, INC.,

Defendant.

Civil No. 02-254 (JRT/FLN)

**ORDER AFFIRMING ORDER OF MAGISTRATE JUDGE**

---

Stephen L. Smith, SMITH LAW OFFICE, 10 South Fifth Street, Suite 700, Minneapolis, MN, 55402, for plaintiff.

Jeffrey James Lindquist, PUSTORINO TILTON PARRINGTON & LINDQUIST, 4005 West 65th Street, Suite 200, Minneapolis, MN, 55435, for defendant.

## INTRODUCTION

Plaintiff Edward Burns commenced this action against defendant Hy-Vee Inc. ("Hy-Vee") alleging that he was discriminatorily discharged because of his race in violation of the Civil Rights Act of 1866, 42 United States Code, § 1981. Plaintiff claims that Hy-Vee subsequently retaliated against him for exercising his statutory rights in filing a discrimination claim, a violation of Title VII, the Civil Rights Act of 1991, and the Minnesota Human Rights Act. Plaintiff sought an order to compel defendant to

FILED NOV 21 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. _____
DEPUTY CLERK _____

supplement its answers to plaintiff's interrogatories Nos. 12[1] and 17[2], and to produce documents responsive to Document Request No. 13.[3] On October 15, 2002, United States Magistrate Judge Frank L. Noel granted plaintiff's motion to compel discovery and ordered Hy-Vee to respond to plaintiff's discovery requests. Defendant appeals from the Magistrate Judge's order, arguing that the requested discovery is impermissibly broad and inconsistent with Rule 26 of the Federal Rules of Civil Procedure. Plaintiff responds that requests are relevant to show motive and are sufficiently limited in geographic area.[4] For the reasons discussed below, the Court affirms the order of the Magistrate Judge.

## STANDARD OF REVIEW

The standard of review of a Magistrate Judge's order on nondispositive pretrial matters is highly deferential. This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.1(b)(2). The Court will not reverse such an order unless, upon review of the parties' submissions, the Court is left "with the definite and firm conviction that a

[1] Interrogatory No. 12: State whether you have ever been named as a defendant in a civil lawsuit, or as a respondent in a charge of discrimination, involving claims of race discrimination or retaliation. If so, identify all documents generated in connection with the charge or civil lawsuit.

[2] Interrogatory No. 17: Identify all management-level employees who were terminated, demoted, or transferred for poor job performance or unexcused absences from work.

[3] Document Request No. 13: Personnel files and any other files or documents maintained on any of the persons identified in Interrogatory No. 17, including Tai Wong and Gary Parker.

[4] The requests are limited to the Cherokee division, which encompasses a 34-store region spanning South Dakota, Nebraska, northwest Iowa and Minnesota.

mistake has been committed." *Chakeles v. Commissioner of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996).

## BACKGROUND

Plaintiff was an assistant manager of a Hy-Vee supermarket in Mankato, Minnesota. Plaintiff violated an order of protection obtained by his ex-girlfriend by calling her from work; he was subsequently arrested at work. As a result of the arrest, he missed one full shift and four hours of another shift. Plaintiff was terminated because of these unexcused absences.

It is unclear who made the decision to terminate plaintiff. Raymond Stewart, the senior vice-president of the Cherokee Division testified that he did not make the decision and that "the decision would have been made by Dan Wampler," the Mankato store manager. (Stewart Deposition at 19, line 17-23.) Randy Edeker, the Director of Operations for Hy-Vee's Cherokee Division,[5] however, testified that he along with Stewart made the decision. (Edeker Deposition at 77 line 6-10.) Defendant does not deny that the decision to terminate plaintiff involved individuals beyond the Mankato store.

On March 29, 2000 plaintiff filed a charge of discrimination with the Minnesota Department of Human Rights alleging that Hy-Vee discriminated against him because of his race. Approximately a year and one-half later plaintiff applied for a sales position with Nabisco, Inc. ("Nabisco") and was hired. This job offer was subsequently revoked

[5] The Cherokee Division includes the store at 2010 Adams Street in Mankato.

when a Hy-Vee supervisor told Nabisco that plaintiff would not be allowed to service the Hy-Vee stores. This action followed alleging race discrimination and retaliation.

**ANALYSIS**

Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Information sought in discovery need not be admissible at trial, so long as it appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P 26(b)(1). A plaintiff is not, however, necessarily entitled to all discovery that is relevant under Rule 26. For example, the court can limit discovery if the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

The discovery standard is necessarily broad in its scope to allow the parties essentially equal access to the operative facts. Further, in Title VII cases, "liberal civil discovery rules give plaintiffs broad access to document their claims." *Wards Cove Packing Co., Inc. v Atonio*, 490 U.S. 642, 657 (1989). This broad discovery is allowed because race-based disparate treatment claims require the plaintiff to prove discriminatory motive. *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989).

Discovery, in the Title VII context, must be limited to the employment practices at issue in the case. *Ardrey v. United Parcel Svc.*, 798 F.2d 679, 682 (4th Cir. 1986); *Robbins v. Camden City Bd. Of Educ.*, 105 F.R.D. 49, 55 (D.N.J. 1985). Where an individualized claim of disparate treatment is alleged, the discovery of information concerning other employees should be limited to those employees who are similarly

situated. *Id.* Accordingly, discovery requests must be tailored to encompass a "reasonable time period," centered around the alleged discriminatory event. *See Miles v. Boeing Co.*, 154 F.R.D. 117, 119 (E.D. Pa. 1994) (discovery of several months before and two years after alleged discrimination "reasonable"); *Finch v. Hercules Inc.*, 149 F.R.D. 60, 64 (D. Del. 1993).

Generally, a plaintiff alleging disparate treatment is not entitled to company-wide discovery absent a showing of a particular need and relevance of the requested information. *Carman v. McDonnell Douglas Corp.*, 114 F.3d 790, 792 (8th Cir. 1997); *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 907 (6th Cir. 1991). *But see Hollander v. America Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990) (district court erred in refusing to compel defendant to produce company-wide information regarding termination of similarly situated persons). Company-wide discovery is usually inappropriate, because a claim of disparate treatment relies on the employer's motivation for the adverse employment action at issue. When the decision is made locally, discovery is properly limited to the plaintiff's local work unit. *Rojas v. Florida*, 285 F.3d 1339, 1343 (11th Cir. 2002) (*per curiam*); *Carman*, 114 F.3d at 792 (holding that, since a decision was made locally, plaintiff not entitled to discovery regarding decision makers in other divisions).

However, where a plaintiff can show that the employment decision at issue was made by someone outside the local work unit, he is entitled to broader discovery. *Kitchen v. Dial Page, Inc.*, No. 3:94cv215, 1995 WL 224547, at *3-4 (E.D. Tenn. 1995) (plaintiff entitled to broader discovery where decision to terminate made jointly by district manager and human resources manager at defendant's home office); *Finch v.*

*Hercules Inc.*, 149 F.R.D. 60, 64 (D. Del. 1993) (broader discovery allowed where local employment decision reviewed by defendant's home office).

The crux of the plaintiff's claim is that, for discriminatory reasons, he was treated differently than other management level employees. In this case, the decision to terminate plaintiff from his position as a store manager was made at the divisional level. Thus, discovery limited to the Cherokee Division, as ordered by the Magistrate Judge, is proper. The information relating to other individuals who were terminated or fired during the three-year period prior to plaintiff's termination is precisely the information necessary to establish the existence or absence of a discriminatory motive. The discovery ordered is not over-inclusive. It is restricted to claims involving one particular division, and is further limited in time, including only discrimination claims made within the three years prior to plaintiff's termination.

Finally, the burden of attempting to respond to these requests does not outweigh the value of probative evidence they might supply. The requests are sufficiently limited in time and geographic area. Their production will not unduly burden defendant.

Upon review of the parties' submissions, the Court is not left "with the definite and firm conviction that a mistake has been committed." *Chakeles v. Commissioner of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996). Accordingly, the Court affirms the order of the Magistrate Judge as being neither clearly erroneous nor contrary to law and denies defendant's appeal of the Magistrate Judge's October 15, 2002 order.

## ORDER

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Order of the Magistrate Judge [Docket No. 15] is **AFFIRMED**.

DATED: November 21, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge